FILED
2013 Sep-06  PM 05:06
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **HUNTSVILLE GOLF DEVELOPMENT, INC.** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | **Case No.: 5:13-CV-671-VEH** |
| **v.** | ) | |
| | ) | |
| **WHITNEY BANK,** | ) | |
| | ) | |
| **Appellee.** | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is a Motion For Stay Pending Appeal (Doc. 15) filed by the Appellant, Huntsville Golf Development, Inc. ("HGD"). The court has also considered the arguments made in Objections filed by the Appellee, Whitney Bank ("Whitney"), and by the Trustee, Stuart M. Maples ("Mr. Maples"). Docs. 16, 17. For the following reasons, HGD's Motion is **DENIED**.

## I.     Background

None of the parties disputes the following basic facts about this case. On November 23, 1993, the United States Bankruptcy Court for the Northern District of Alabama (the "bankruptcy court") filed an order confirming the "Debtor's Plan" in *In re Nelson J. Chatelain and Charlene J. Chatelain*, Case No. 92-81161. On December 29, 1993, the court closed the case and entered a final decree. Whitney

moved to reopen the case on December 2, 2011. The bankruptcy court entered an order re-opening the case on January 11, 2012. Under this order, the court instructed HGD to escrow $510,000.00 into its attorney's trust account subject to the court's further orders. On February 20, 2013, the court granted Whitney's "Motion for Payment of Claims And Appointing a Disbursing Agent." The court sua sponte appointed a Chapter 11 Trustee to determine the unsecured creditors' claims. It also ordered HGD's counsel to transfer the escrow funds to this Trustee.

On February 25, 2013, the bankruptcy court denied HGD's Motion for Reconsideration. HGD filed a Notice of Appeal on April 11, 2013. Doc. 1. It specifically appealed the court's orders on (1) Whitney's Payment Motion and (2) HGD's Motion to Reconsider. On March 29, 2013, HGD petitioned the bankruptcy court for a stay pending appeal. On April 1, 2013, the court denied HGD's request.

HGD submitted its appellant's brief with this court on April 25, 2013. Doc. 7. Mr. Maples filed his appellee's brief on May 9, 2013 (Doc. 10), and Whitney filed its appellee's brief on May 13, 2013 (Doc. 11). HGD replied on June 1, 2013. Doc. 14. On June 7, 2013, HGD filed the present Motion. Doc. 15. Whitney and Mr. Maples filed responsive oppositions on June 12 and June 14, 2013, respectively. Docs. 16, 17.

## II.     Standard of Review

2

"A motion for stay of the judgment, order, or decree of a bankruptcy judge . . . pending appeal must ordinarily be presented to the bankruptcy judge in the first instance." Fed. R. Bankr. P. 8005. A bankruptcy judge has the authority to make any "appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." *Id.* A motion for stay may also be made to the district court, but "the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge." *Id.* Here, HGD filed a motion for stay with the bankruptcy court below, which that court denied.

This court reviews the bankruptcy court's decision for abuse of discretion. *See In re Land Ventures for 2*, No. 2:10CV839-MHT, 2010 WL 4176121, at *1 (M.D. Ala. Oct. 18, 2010) ("A stay pending appeal is generally a question for the bankruptcy judge whose decision should be reviewed for abuse of discretion.") (citations omitted). More generally, a stay pending appeal is "an exceptional response granted only upon a showing of four factors":

1.  that the movant has shown a likelihood of success on the merits on appeal;

2.  that the movant has made a showing of irreparable injury if the stay is not granted;

3.  that the granting of the stay would not substantially harm any other party; and

4.      that the granting of the stay would serve the public interest.

*Id.* at \*2 (quoting *Garcia–Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir.1986)). The failure to satisfy any one prong of the standard for granting a stay pending appeal justifies denial of the motion. *In re Lykes Bros. S.S. Co., Inc.*, 221 B.R. 881, 884 (Bankr. M.D. Fla. 1997) (citation omitted).

## III.    Discussion

### A.      The Bankruptcy Court's Decision

In its April 1, 2013, Order denying HGD's motion for a stay pending appeal, the bankruptcy court grounded its denial in the "findings of fact and conclusions of law dictated into the record" during a hearing on the same date. Bankr. Doc. 242.[1] According to that hearing's transcript, the court primarily justified its decision on the first factor identified above. That is, it concluded that HGD had not shown a likelihood of success on the merits on appeal. *See* Bankr. Doc. 249 at 10 ("Well, this court, we will enter a denial of that today because we don't think that you can win on the appeal."). This interpretation conforms with that found in the parties' filings before this court. *See* Doc. 15 ¶ 3, Doc. 16 at 3, Doc. 17 at 2.

### B.      HGD's Arguments

---

[1]Citations to the record in the bankruptcy case below will adopt the following form: "Bankr. Doc. ___."

### 1.    Appellant's Brief

The court will not examine HGD's appellate arguments in detail at this juncture. However, as these arguments frame the analysis the court must perform to dispose of the Motion at issue here, the court will briefly outline them. In its Appellant's Brief, HGD maintains the following:

- The bankruptcy court did not have jurisdictional authority to grant Whitney's Motion for Payment of Claims in its confirmation order.

- Res judicata does not bar HGD's jurisdictional challenge to the bankruptcy court's confirmation order.

- The proceeds from the settlement reached between HGD and the various Brindley defendants (collectively, "Brindley") are not property of the bankruptcy estate.

- Whitney has released all claims to HGD's proceeds from its settlement agreement with Brindley.

- The statute of limitations bars Whitney's claims.

- The doctrine of laches bars Whitney's claims.

Doc. 7 at 2.

### 2.    Motion for Stay Pending Appeal

In its Motion before this court, HGD addresses all four factors described above. It first argues that the bankruptcy court wrongly determined that it had not shown likelihood of success on appeal. Doc. 15 ¶ 5. It refers the court to the jurisdictional

arguments it makes in its appellant's brief attacking the bankruptcy court's authority to grant Whitney's Motion for Payment of Claims. *Id.* It further cites a few decisions in support. *Id.* Second, HGD maintains that it will indeed suffer irreparable harm if the stay is not granted. *Id.* ¶ 6. According to HGD, "[t]he Escrow Funds at issue belong to it and the distribution of those funds by the court appointed Trustee to himself and the unsecured creditors will strip HGD of its property without its consent and irrespective of its objections." *Id.* Third, HDG contends that granting its desired stay would not cause substantial harm to either Whitney or the other interested parties. *Id.* ¶ 7. They have already waited roughly seventeen years for this case to be reopened, so the relatively short additional stay period would not "become any more burdensome or harmful." *Id.* Finally, HGD claims that a stay would serve the public interest because "it promotes further public confidence in the judicial system to know that an entity's property will not be stripped from it without all due consideration being given to existing legal arguments and facts of the case." *Id.* ¶ 8.

### C. The Bankruptcy Court Did Not Abuse Its Discretion In Denying HGD's Motion for Stay Pending Appeal.

The court finds that the bankruptcy court below did not abuse its discretion in denying HGD's Motion. HGD's jurisdictional attack on the bankruptcy court's confirmation order relies primarily on *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed.

2d 475 (2011). In its Motion, HGD cites this decision to support its conclusory assertion that "the Bankruptcy Court does not have the jurisdictional authority to grant [Whitney's] Motion for Payment of Claims . . ." Doc. 15 ¶ 5. It does not articulate how the decision buffers this argument or renders it likely to succeed on appeal; rather, as noted above, it refers the court back to its Appellant's Brief. In its responsive opposition, Whitney points out the following:

> As shown by Whitney in its brief . . . the Bankruptcy Court had jurisdiction to grant the Payment Motion, the doctrine of *res judicata* bars [HGD's] challenge to the Bankruptcy Court's previous order, and none of the defenses raised by [HGD] are a bar to enforcement of the Bankruptcy Court's orders. All [HGD] does in the Stay Motion is rely on the same arguments presented to this Court in the appeal; arguments that the Bankruptcy Court has determined to be without merit. As such, [HGD] cannot show that it is likely to succeed on the merits of it case.

Doc. 16 at 4. Mr. Maples adds a few arguments in his responsive opposition. He notes that the Supreme Court in *Stern* specifically stated that its holding was not meant to implicate subject matter jurisdictional questions. Doc. 17 at 4 (citing Bankr. Doc. 215). Further, according to Mr. Maples, the confirmation order "was not an order to augment the bankruptcy estate; rather it was an order to administer an asset of the bankruptcy estate." *Id.*

HGD has not met its burden of showing the likelihood of its success on appeal. In its Febraury 20, 2013, Order, the bankruptcy court noted:

. . . *Stern* has nothing to do with subject matter jurisdiction of bankruptcy courts . Rather *Stern* analyzed whether a 'bankruptcy court may determine, i.e. enter a final order, rather than whether a bankruptcy court may hear, i.e. has subject matter jurisdiction over, a proceeding." . . . *Stern* held that a bankruptcy judge did not have constitutional authority to enter final judgment on a state law counterclaim unless the counterclaim would necessarily be resolved in ruling on the creditor's claim. *Stern* held that it is unconstitutional for bankruptcy courts to decide state law claims merely to augment the bankruptcy estate. Thus, [HGD's] argument that this Court lacks subject matter jurisdiction based on Stern is overruled."

Doc. 1-4 at 3-4 (quotation and footnote omitted). This is an accurate interpretation of *Stern*. As the bankruptcy court indicated, the Supreme Court held in that decision that a bankruptcy court does not have constitutional authority to enter a final judgment on (1) a state-law counterclaim in a bankruptcy proceeding (2) that is not resolved in the process of ruling on a creditor's proof of a claim. *Stern*, 131 S. Ct. at 2620. Because a provision of the Bankruptcy Act of 1984 authorized bankruptcy courts to enter such judgments, the court invalidated that provision. *Id.* The Court simply did not address the ability of bankruptcy courts to *hear* such cases, which is the domain of subject matter jurisdiction. What the Court addressed was the ability of bankruptcy courts *to enter final judgments* on these matters.

This conclusion seemingly dooms HGD's jurisdictional argument. Without deciding the issue definitively, the court finds it sufficient to determine that the bankruptcy court below did not abuse its discretion in denying HGD's Motion. *See*

*In re Lykes Bros. S.S. Co., Inc.*, 221 B.R. at 884 (Bankr. M.D. Fla. 1997) (The "failure to satisfy one prong of the standard for granting a stay pending appeal dooms his motion.") (quotation omitted).

## IV.   Conclusion

For the reasons stated, HGD's Motion for Stay Pending Appeal is hereby **DENIED**.

**DONE** and **ORDERED** this the 6th day of September, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

9