# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **HUNTSVILLE GOLF** ) | |
| **DEVELOPMENT, INC.** ) | |
| ) | |
| Appellant, ) | |
| ) | **Case No.: 5:13-CV-671-VEH** |
| v. ) | |
| ) | |
| **WHITNEY BANK,** ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

The appellant (Huntsville Golf) has filed a Motion for Rehearing under Federal Rule of Bankruptcy Procedure 8015. Doc. 22. Huntsville Golf asks this court to reexamine its decision affirming the lower bankruptcy court's opinion granting the Appellee's "Motion for Payment of Claims and Appointment of a Disbursing Agent" (doc. 2-9).

There were five appealed issues that the court addressed in its Memorandum Opinion affirming the lower court's opinion. Huntsville Golf asks that the court reconsider only one of them – namely, whether the Appellee (Whitney Bank) released any claim to the Chatelain bankruptcy estate when it formed a "Sharing Agreement"

with the Estate of Robert Brindley, Sr. (the Brindley Estate). Huntsville Golf argues that this court misconstrued Louisiana law in finding that Whitney Bank had not created a general partnership with the Brindley Estate when it consented to the Sharing Agreement. Moreover, Huntsville Golf contends that this court wrongly determined facts in reaching this issue. The company asks the court to remand the matter to the bankruptcy court so that the latter may conduct an evidentiary hearing and formally make factual findings on the partnership issue.

This court finds that the existence of a partnership *vel non* between Whitney Bank and the Brindley Estate is an issue unnecessary to resolving the matters Hunstville Golf appealed to this court. Accordingly, the court will **DENY** the Motion for Rehearing.

### STANDARD OF REVIEW

Federal Rule of Bankruptcy Procedure 8015 provides:

> Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 14 days after entry of the judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of subsequent judgment.

Fed. R. Bankr. P. 8015. "Rule 8015 does not provide a standard for evaluating a motion for rehearing." *In re Daniels*, No. 1:12-CV-4181-WSD, 2014 WL 547176, at

\*3 (N.D. Ga. Feb. 10, 2014). "Courts in this Circuit have applied the same standard to motions for rehearing under Bankruptcy Rule 8015 as is applied to motions for reconsideration." *Id.* (citing *In re Steffen*, 405 B.R. 486, 488 (M.D. Fla. 2009); *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)).[1]

The court will grant a motion for reconsideration where there is:

- newly discovered evidence;

- an intervening development or change in controlling law; or

- a need to correct a clear error of law or fact.

*Id.* (citations omitted). "A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion." *Id.* (citations omitted). "Whether to grant a motion for reconsideration is within the sound discretion of the district court." *Id.* (citation omitted).

### DISCUSSION

In its Memorandum Opinion, the court addressed Huntsville Golf's partnership arguments because the court considered the partnership issue material to two issues

---

[1] "Other courts have considered Rule 40 of the Federal Rules of Appellate Procedure 40 ('Rule 40') when applying Rule 8015." *Id.* (citations omitted). Rule 40 states that "a petition for panel rehearing" following entry of judgment "must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended." Fed. R. App. P. 40(a)(2).

central to the resolution of this action:

- whether res judicata applied; and

- whether Whitney Bank constructively released any claim it had to the bankruptcy estate when it formed the Sharing Agreement with the Brindley Estate.

The court has again reviewed the record below and the arguments presented before this court. It now finds the partnership issue irrelevant to its disposition of the present action. The lower bankruptcy court's 1993 Confirmation Order was res judicata regardless of whether Whitney Bank and the Brindley Estate formed a general partnership or joint venture under Louisiana law. Similarly, even if such a relationship existed between the two entities, Whitney Bank cannot be said to have released its claim to the Chatelain bankruptcy estate.

## I.   Res Judicata Applies Regardless of Any Partnership Relationship.

This court found that the lower bankruptcy court's 1993 Confirmation Order was res judicata. Doc. 19 at 26. Res judicata requires *inter alia* an identity of parties – or their privies – between a former and current cause of action. *See E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004) ("Simply put, before the doctrines of either res judicata or collateral estoppel may be asserted against a party, it must be established that the party in the second action was either a party in the previous action or a privy of the party in that action."). The "identity of parties"

element of this analysis thus encompasses two sets of actors:

- those who were actual parties in the original action; and

- those who are or were in privity with the parties to the original action.

*See id.* Privity is a legal concept requiring some elaboration. The Eleventh Circuit has explained privity in the following manner:

> Privity is a flexible legal term, comprising several different types of relationships and generally applying when a person, although not a party, has his interests adequately represented by someone with the same interests who is a party. Adequate representation can arise in a number of circumstances. For example, a judgment that is binding on a guardian or trustee may also bind the ward or the beneficiaries of a trust. The judgment in a class action may be binding on members of that class. Or, where a special remedial scheme exists expressly foreclosing successive litigation by nonlitigants, as for example in bankruptcy or probate, legal proceedings may terminate preexisting rights if the scheme is otherwise consistent with due process.

*Id.* at 1286 (internal quotation marks and citations omitted).

One of the parties to the 1992-93 bankruptcy proceedings identified itself as Whitney Bank. The party that reopened this case in 2012 and appears here as an appellee identifies itself as Whitney Bank. The two parties thus appear identical. But, Huntsville Golf argues that this appearance is deceptive. Huntsville Golf states that, on December 2, 2011, Whitney Bank and the Brindley Estate formed a general partnership (or, at least, a joint venture) under Louisiana law. According to Huntsville Golf, as a result, the actual appellee before this court is a new and different entity –

namely, the "Whitney/Brindley partnership." *E.g.*, Doc. 7 at 40.

Even if this were so, it would not preclude the application of res judicata because the formation of such a partnership (or joint venture) would not disrupt the required "identity of parties." Under Huntsville Golf's theory, Whitney Bank and the Brindley Estate formed a partnership (or joint venture) exclusively composed of themselves. It was allegedly established for the limited purpose of obtaining and sharing the bankruptcy proceeds Whitney Bank was designated to pursue from the Chatelains and Huntsville Golf. If true, this "Whitney-Brindley" partnership would be a privy of Whitney Bank – one of the two partners in the purported partnership. That is, Whitney Bank can be said to have "adequately represented" the partnership's interests in the earlier litigation. *See Shapiro v. United States*, 951 F. Supp. 1019, 1023-24 (S.D. Fla. 1996) (holding that, for purposes of res judicata, taxpayer-plaintiffs were in privity with limited partnership, which was party in prior action, by virtue of their status as limited partners). Thus, the partnership between Whitney and the Brindley Estate *vel non* does not sway the court's determination that the 1993 Confirmation order was res judicata.

## II. Even if there were a Whitney-Brindley partnership, Brindley's preexisting release would not bind it.

The partnership issue is similarly inconsequential to resolving Huntsville

Golf's release argument. Huntsville Golf and a collection of entities associated with Robert Brindley (the Brindley Group) entered into their Settlement Agreement on November 28, 2011. Part of this agreement included a release "whereby [the Brindley Group] completely and irrevocably released [Huntsville Golf] from any and all past, present or future claims whether known or unknown arising out of the litigation between the parties 'and any other dealings between [Huntsville Golf] and [the Brindley Group] as of the date of [that] Agreement." Doc. 7 at 39 (quotation omitted). The Brindley Estate (one entity within the Brindley Group) formed its Sharing Agreement with Whitney Bank on December 2, 2011 – that is, four days <u>after</u> the Settlement Agreement. The Sharing Agreement did not mention <u>anything</u> about a release of claims. Nevertheless, Huntsville Golf alleges that the Sharing Agreement created a general partnership between Whitney Bank and the Brindley Estate. Huntsville Golf then uses this "partnership" to argue that the Brindley Estate imported *sub silentio* the Brindley Group's preexisting release of Huntsville Golf into its (later) partnership agreement with Whitney Bank.

    Assuming *arguendo* a Whitney-Brindley partnership, this is not a tenable interpretation of Louisiana law. Hunstville Golf argues that "an obligation contracted by a partner binds the partnership if the partnership benefits by the transaction or the transaction involves matters in the ordinary course of business." *Id.* (citing La. Civ.

Code Art. 2816; *Darden v. Cox*, 123 So. 2d 68, 74-75 (1960)). This is accurate. Huntsville Golf overlooks, though, the premise of this statement. The Louisiana Code and relevant case law presume an existing partnership when a given partner contracts such an individualized obligation. *See, e.g., Darden*, 123 So. 2d at 74-75 (holding that a managing partner who obtained loans and bonds for the partnership not only bound himself individually but also his junior partner). The court cannot find – and Huntsville Golf does not provide – any authority for the notion that a partner who incurs a preexisting, individualized obligation prior to the creation of a partnership automatically subjects the later-formed partnership to that obligation. This is particularly so where, as here, the preexisting obligation goes entirely unmentioned in the ostensible partnership agreement. Louisiana law does not support such implicit, retroactive assumption of pre-partnership obligations.

Huntsville Golf tries to skirt this obvious discrepancy in its argument by highlighting the allegedly collusive negotiations between Whitney Bank and the Brindley Estate that occurred before, during, and after the Settlement Agreement. Doc. 7 at 38-39. Huntsville Golf does not maintain, however, that Whitney Bank and the Brindley Estate formed their supposed partnership until after the settlement. This concession is dispositive. Even assuming a Whitney-Brindley partnership, the Brindley Group (of which the Brindley Estate was a part) executed its release against

Huntsville Golf <u>before</u> it was formally associated with Whitney Bank. Under Louisiana law, the release was thus not "[a]n obligation contracted for the partnership." La. Civ. Code Art. 2816.

## CONCLUSION

For these reasons, the court finds that it need not reach the question of whether or not Whitney Bank and the Estate of Robert Brindley, Sr., formed a partnership under Louisiana law on December 2, 2011. As a corollary, the court concludes that the bankruptcy court below need not have issued formal factual findings on the issue. The court thus **DENIES** the present Motion for Rehearing.

**DONE** and **ORDERED** this the 27th of June, 2014.

                                             **VIRGINIA EMERSON HOPKINS**
                                             United States District Judge